UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Bruno Britenstine,                      Case No. 3:13 cv 2342

        Plaintiff

   v.                                        MEMORANDUM OPINION
                                                       AND ORDER

CSX Transportation Inc.,

        Defendant


      This matter comes before me on Defendant's motion for summary judgment (Doc. No. 25), Plaintiff's opposition (Doc. No. 26), and Defendant's reply (Doc. No. 27). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, Defendant's motion is denied.

### BACKGROUND

      On February 28, 2011, Bruno Britenstine, a welder's assistant for CSX Transportation, Inc., was dispatched from the Willard, Ohio yard as part of a CSX welding group to perform field welds on CSX's track near Attica, Ohio. Britenstine was assigned to work with welder Daniel Adams on that day. They had completed two welds and were in the process of preparing for the third weld when Britenstine was injured.

      Completing a field weld requires the rails be properly aligned. The process begins by removing the rail fastening which secures the rails to the ties on each side of the weld location. The

rails are then lifted from the ties and the ends are brought level with one another through the use of mechanical or hydraulic jacks. Wedges and blocks are then placed under each rail for support. The hydraulic jack is then removed and the wedges are tapped to properly align the rail ends. Once the alignment is completed, the ends are welded together. The CSX Welding Manual, referenced by the Defendant, details use of a mechanical or hydraulic jack and wedges to lift or support the rails to be welded. It is undisputed that each CSX vehicle carried two hydraulic jacks for this purpose.

In preparing for the third weld, Williams and Britenstine utilized the two jacks on their truck on other sections of the trackl. As the rails were still not properly aligned, they needed to be lifted to accommodate additional wedges. Williams told Britenstine to grab the claw bar and use it to raise the rail. In using the claw bar for that purpose, the bar slipped off and Britenstine fell backwards and was injured.

Britenstine instituted this suit alleging CSX negligently failed to provide him with a reasonably safe place to work in violation of the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. and that this negligence was the cause of his injuries.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the

2

movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (*quoting* FED. R. CIV. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

### DISCUSSION

**The Federal Employers' Liability Act**

Under 45 U.S.C. § 51, a railroad, while engaged in interstate commerce, "shall be liable in damages to any person suffering injury while he is employed" by such a railroad when the injury "result[s] in whole or in part from the negligence of any of the officers, agents, or employees" of the railroad. *See also, CSX Transp., Inc. v. McBride*, 131 S.Ct. 2630, 2634 (2011) (railroad is liable to employee "if the railroad's negligence played any part in bringing about the [plaintiff's] injury.").

To establish a prima facie case under the Federal Employers' Liability Act, a plaintiff employee must prove (1) he was injured while in the scope of his employment, (2) his employment was in furtherance of the railroad's interstate business, (3) the railroad was negligent, and (4) the railroad's negligence caused the employee's injury in some part. *Van Gorder v. Grand Truck W. R.R., Inc.*, 509 F.3d 265, 269 (6th Cir. 2007), *cert denied*, 555 U.S. 994.

In this instance, the Defendant agrees the first two prongs of the prima facie case are established. For purposes of this motion, the issue of the railroad's negligence is in dispute.

The Defendant contends it provided a proper procedure for safely performing the rail alignment and it provided a sufficient number of jacks and wedges necessary to safely perform the job. Additionally, the misalignment of the rails on uneven ground did not cause the injury. According to the Defendant, because the Plaintiff chose to disregard the proper procedure and not call for a third hydraulic jack, his election to use the claw bar and the resulting injuries were not

4

caused by the Defendant's negligence. On this basis, the Defendant seeks summary judgment as a matter of law.

On the day of the incident, Plaintiff was paired with welder Williams because his usual partner was on vacation. Williams was not only an experienced welder, he was Britenstine's foreman. Plaintiff was the welder's assistant and took direction from the welder. Defendant is correct that Plaintiff and Williams testified they could have contacted the roadmaster to request a third jack as the two jacks they had were already in use. The testimony of both Williams and the Plaintiff confirms that Williams directed Plaintiff to utilize the claw bar to lift the rail. The Plaintiff did not "think twice" about the directive from Williams in using the claw bar. (Britenstine Dep. at p. 36).

The Defendant characterizes this situation as one of notice, i.e., that CSX had no notice that a third jack was necessary in this instance and could not have prevented the Plaintiff's injury. However, a factual issue is presented as to whether Williams, as Plaintiff's foreman, in not calling for another jack and directing use of the claw bar constitutes negligence on the part of CSX. *See e.g., Hamilton v. CSX Transportation, Inc.*, 2009 WL 3353557 (N.D. Ohio 2009 ) (genuine issue of material fact where there was evidence that foreman failed to provide access to mechanical assistance and allowed the plaintiff to exert himself which resulted in injury). As correctly noted by the Defendant the causation test under FELA is defined as "whether the proofs justify with reason the conclusion that employer negligence played any part, even in the slightest, in producing the injury or death for which damages are sought." *Conrail v. Gottshall*, 512 U.S. 532, 543 (1993). This also impacts the question of foreseeability and renders adjudication on this element premature at this juncture.

As there are genuine issues of material fact and more than a scintilla of evidence exists to present evidence to a jury, summary judgment is not warranted.

**CONCLUSION**

Accordingly, Defendant's motion for summary judgment (Doc. No. 25) is denied.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge
